Filed 12/11/24  P. v. McCurry CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100555 |
| Plaintiff and Respondent, | (Super. Ct. No. 96F04284) |
| v. | |
| STEVEN McCURRY, | |
| Defendant and Appellant. | |

Defendant Steven McCurry appeals from a resentencing order made under Penal Code[1] section 1172.75.  Defendant had moved for dismissal of a prior strike and various enhancements included in his aggregate 84-year prison sentence.  At resentencing, the trial court struck multiple prior prison term enhancements made invalid by amendments

---

[1]     Undesignated statutory references are to the Penal Code.

1

to section 667.5, subdivision (b), as well as a prior serious felony enhancement. The court declined to strike the prior strike and the deadly weapon use enhancements.

On appeal, defendant contends that dismissal of the deadly weapon use enhancements was mandatory pursuant to section 1385, subdivision (c)(2)(B) and (C). We order the trial court to issue a corrected abstract of judgment that complies with the oral pronouncement of judgment and otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

We rely on the probation report in summarizing the facts. In May 1996, defendant repeatedly raped, assaulted, and beat the 22-year-old victim inside of her apartment. The victim had just given birth three weeks earlier, and defendant assaulted the victim in the presence of the baby and the victim's two-year-old twins. He repeatedly threatened to kill her, and he held a knife to her throat and her genitals. He also threatened to kill her baby and her fiancé. He attempted to sodomize her and forced her to orally copulate him. He also slammed her into a wall and slapped her.

In 1997, a jury found defendant guilty of three counts of rape (counts four through six) and two counts of oral copulation with force (counts eight & nine). As to each count, the jury found true defendant personally used a deadly weapon. In bifurcated proceedings, the trial court found true that defendant had a prior serious felony, a prior strike, and three prior prison terms.

The trial court sentenced defendant to prison for an aggregate term of 84 years, as follows: 12 years consecutive on each of the five counts, three years (the low term) each consecutive on two of the deadly weapon use enhancements, four years (the middle term) each consecutive on the remaining three deadly weapon use enhancements, five years for the prior serious felony enhancement, and one year for one of the prior prison term enhancements (the other two were stayed).

2

The trial court subsequently received notice from the Department of Corrections and Rehabilitation that defendant was eligible for resentencing under section 1172.75. In August 2023, the trial court appointed counsel and requested briefing.

Defendant filed a brief asking the trial court to impose an 18-year aggregate prison sentence, as follows: the middle term on the principal count and associated deadly weapon use enhancement; one-third the middle term on the remaining counts; and, pursuant to *Romero*[2] and section 1385, striking (1) the prior prison term enhancements, (2) his prior strike, (3) the prior serious felony enhancement, and (4) all of the deadly weapon use enhancements. He urged the court to consider postconviction factors, arguing he had participated in prison work programs, engaged in education classes, and received good reviews from prison staff.

Defendant further argued he suffered from intellectual disabilities that may have contributed to his underlying offenses. Defendant was also 58 years old and suffering from other health conditions that, according to defendant, lowered his capacity to reoffend or commit future violent acts.

Defendant also argued the enhancements should be dismissed under section 1385 because multiple enhancements had been alleged in a single case and the application of the enhancements resulted in a sentence of more than 20 years. (§ 1385, subd. (c)(2)(B) & (C).) Defendant argued there was no evidence that he presently posed any risk of physical harm to anyone, especially given his diminished physical condition. Defendant further argued he had been in custody continuously since 1996 (or 27 years), and it was no longer in the interest of justice to incarcerate him.

The prosecution filed a reply arguing it would endanger public safety and be against the interest of justice to strike the prior strike and any enhancements, other than

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

the prior prison term enhancements. In addition, the upper term was appropriate given the risk to public safety. The prosecution argued the crimes were horrific and violent, and defendant had multiple prior convictions, including a 1989 conviction for robbery, a 1991 conviction for robbery and escape, a 1993 conviction for possession of a controlled substance for sale, and a 1994 conviction for possession of cocaine for sale. Defendant was on parole at the time of the crimes at issue here.

During the February 2024 resentencing hearing, the trial court described the underlying facts as recited in the probation report, noting the crimes "can't be described too many times as horrendous." The court noted it appeared that, when defendant was originally sentenced in 1997, the trial court had imposed a lower sentence due to the mitigating circumstances, including defendant's intellectual disability.

The court then struck the three prior prison term enhancements. The court also struck the prior serious felony enhancement, based on the possibility that defendant's intellectual disabilities played a role in his crimes, that the enhancement is based on a conviction from more than five years before, and that defendant made efforts to rehabilitate himself in prison.

Turning to defendant's *Romero* motion, the trial court declined to strike defendant's strike, reasoning that although defendant had remained crime free throughout his incarceration, defendant was on parole at the time of the "horrendous" crimes at issue here. Noting that defendant had inflicted great bodily injury, used a knife, and had a particularly vulnerable victim who was trapped with him inside her apartment along with her three very young children, the court also declined to strike the deadly weapon use enhancements.

The court sentenced defendant to prison for an aggregate term of 78 years, as follows: 12 years (the middle term of six years doubled due to the strike) on count eight, plus four years (the middle term) for the associated deadly weapon use enhancement; 12 years (the middle term of six years doubled due to the strike) each consecutive on counts

4

four and five, plus three years (the low term) for each of the associated deadly weapon use enhancements; 12 years (the middle term of six years doubled due to the strike) on count six, plus four years for the associated deadly weapon use enhancement; and 12 years (the middle term of six years doubled due to the strike) consecutive on count nine, plus four years for the associated deadly weapon use enhancement.

In selecting the middle term, the trial court noted defendant did not meet the criteria for consideration of the low term under section 1170, subdivision (b)(6).

The abstract of judgment reflects the judgment as orally imposed, except that (1) the deadly weapon use enhancement on count four lists a four-year term, rather than the three-year term orally imposed, and (2) the deadly weapon use enhancement on count six lists a three-year term, rather than the four-year term orally imposed.

Defendant appeals.

## DISCUSSION

### I

### *The Trial Court Did Not Err In Declining To* <br> *Dismiss The Deadly Weapon Use Enhancements*

Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) amended section 1385 to add subdivision (c), which states, "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute."  (§ 1385, subd. (c)(1); Stats. 2021, ch. 721, § 1.)  "In exercising its discretion . . . , the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.  'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."

5

(§ 1385, subd. (c)(2).)  Two of the mitigating circumstances are:  "[m]ultiple enhancements are alleged in a single case," in which case "all enhancements beyond a single enhancement shall be dismissed" (§ 1385, subd. (c)(2)(B)); and the "application of an enhancement could result in a sentence of over 20 years," in which case "the enhancement shall be dismissed" (§ 1385, subd. (c)(2)(C)).  A trial court's denial of a motion to dismiss a sentence enhancement under section 1385 is reviewed for abuse of discretion.  (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490.)

According to defendant, the trial court erred because the "shall be dismissed" language in section 1385, subdivision (c)(2)(B) and (C) is mandatory and required the trial court to dismiss all the deadly weapon use enhancements because they (1) resulted in a sentence exceeding 20 years and (2) resulted in imposition of more than one enhancement.  We disagree.

As our Supreme Court recently explained, the plain text of section 1385, subdivision (c) "does not 'presume' [citation] an enhancement should be dismissed whenever an enumerated mitigating circumstance is present."  (*People v. Walker* (2024) 16 Cal.5th 1024, 1033.)  Instead, section 1385, subdivision (c) requires the trial court to consider " 'whether it is in the furtherance of justice to dismiss an enhancement.' " (*Walker*, at p. 1033.)  In other words, "notwithstanding the presence" of any of the mitigating circumstances set out in section 1385, subdivision (c)(2), "trial courts retain their discretion to impose an enhancement based on circumstances 'long deemed essential to the "furtherance of justice" inquiry.' " (*Walker*, at p. 1033.)  Given *Walker*'s conclusion that section 1385, subdivision (c) does not create a rebuttable presumption in favor of dismissing an enhancement, we find no merit to defendant's claim that the trial court erred because dismissal is required in *every case* where an enhancement results in a sentence exceeding 20 years or results in the imposition of more than one enhancement.

## II

### *The Abstract Of Judgment Must Be Corrected To*
### *Reflect The Court's Oral Pronouncement Of Sentence*

Our review of the record reflects that the abstract of judgment does not conform to the judgment as orally pronounced as to the deadly weapon use enhancement terms for counts four and six. As previously noted, instead of the three-year term orally imposed for the deadly weapon use enhancement on count four, the abstract lists a four-year term. And, instead of the four-year term orally imposed for the deadly weapon use enhancement on count six, the abstract lists a three-year term. It has long been held that the oral pronouncement of judgment controls, and we will therefore order the trial court to issue a corrected abstract of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment in accordance with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation.  The judgment is affirmed.

/s/_____
ROBIE, Acting P. J.

We concur:

/s/_____
MAURO, J.

/s/_____
MESIWALA, J.

8